UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JESSICA ROSEANNA VECCHIO,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/24/2022

1:20-cv-8105 (MKV) (SLC)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff Jessica Roseanna Vecchio brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), challenging the final decision of the Commissioner of Social Security ("Commissioner") that denied her application for Disability Insurance Benefits ("DIB"). [ECF No. 1] ("Compl.")  The Parties then brought cross-motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). [ECF No. 17] ("Pl.'s Mot.]; [ECF No. 23] ("Comm'r Mot.").

    On December 1, 2021, Magistrate Judge Sarah L. Cave issued a Report and Recommendation [ECF No. 26] (the "Report"), recommending that this Court grant the Commissioner's motion for judgment on the pleadings and deny Plaintiff's motion.  Thereafter, Plaintiff timely filed an objection to the report [ECF No. 27] ("Pl.'s Obj."), and the Commissioner then filed a response to the objections [ECF No. 30] ("Comm'r Resp.").

    The background facts and procedural history of this case are set forth in detail in the Report. For the reasons stated herein, Magistrate Judge Cave's Report and Recommendation is ADOPTED in its entirety.

1

**LEGAL STANDARD**

I.   **STANDARD OF REVIEW**

When objections are made to a portion or portions of a magistrate judge's report, a district court "shall make a *de-novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Hector v. Miller*, No. 03-cv-3855(RJH)(GWG), 2004 WL 1908216, at *1 (S.D.N.Y. Aug. 25, 2004). The Court may then "accept, reject or modify the magistrate's findings and recommendations." 28 U.S.C. § 636(b)(1).

A district court reviewing a denial of Social Security benefits does not "determine *de novo* whether [a claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (punctuation omitted); *accord Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). Rather, a district court will "set aside [an] ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." *Rosa v. Callahan,* 168 F.3d 72, 77 (2d Cir.1999) (alteration in original). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal quotation marks and alterations omitted); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations . . . whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."). In weighing whether substantial evidence exists to support the Commissioner's decision, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Selian*, 708 F.3d at 417 (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983)). On the basis of this review, the court may "enter, upon the pleadings and transcript of the

record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding . . . for a rehearing." 42 U.S.C. § 405(g).

## II.   SOCIAL SECURITY DISABILITY DETERMINATIONS

The Social Security Administration ("SSA") regulations establish a five-step inquiry to determine whether a claimant is disabled under 42 U.S.C. § 423.  *See* 20 C.F.R. § 404.1520(a)(4); *Dixon v. Shalala*, 54 F.3d 1019, 1022 (2d Cir. 1995).  Each step is addressed in sequential order.  *See* 20 C.F.R. § 404.1520(a)(4).

At the first step, the Commissioner must determine whether the individual is currently engaged in any substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).  At the second step, the Commissioner determines whether the claimant has a severe medically determinable physical or mental impairment and, if so, whether the impairment meets the duration requirement of § 404.1509. 20 C.F.R. § 404.1520(a)(4)(ii). At the third step, the Commissioner determines whether the impairment meets or equals a listing in Appendix 1 of 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant proves that he has an impairment that meets a listing in Appendix 1, the Commissioner may find the claimant disabled. *Id.*  Otherwise, the Commissioner will proceed to consider the remaining two steps. *See* 20 C.F.R. § 404.1520(d). At the fourth step, the Commissioner determines whether the claimant possesses a residual functional capacity such that he can perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv).  If not, then at the fifth step, the Commissioner determines whether, given claimant's residual functional capacity and her age, education, and work experience, she can perform other work.  20 C.F.R. § 404.1520(a)(4)(v).

Petitioner bears the burden of proof as to the first four steps. *Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987); *Cage v. Comm'r of Soc. Sec.,* 692 F.3d 118, 123 (2d Cir. 2012). At step five, however, the burden shifts to the Commissioner to prove that the claimant is not disabled. *Cage*, 692 F.3d at 123 (citing *Petrie v. Astrue*, 412 Fed. App'x 401, 404 (2d Cir. 2011)).

3

**DISCUSSION**

Plaintiff argues that it is "unclear" whether Magistrate Judge Cave applied the correct legal standard in determining that the ALJ properly weighed the opinion of Plaintiff's treating physician, Dr. Rembert, under the relevant regulations. Pl.'s Obj. at 2-3. Specifically, Plaintiff argues that, in determining that Dr. Rembert's opinion about Ms. Vecchio's limitations was not persuasive, the ALJ failed adequately to explain the conclusion that Dr. Rembert's opinion lacked support and was not consistent with the totality of medical evidence. Plaintiff's objection lacks merit. Magistrate Judge Cave's analysis was correct. The ALJ's decision was based on the appropriate legal standard and was supported by substantial evidence.

The SSA's current regulations displaced the former rule that gave greater weight to the opinion of a claimant's treating physician. 20 C.F.R. § 416.920c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."); *see also Young v. Kijakazi*, 2021 WL 4148733, at *9 (S.D.N.Y. Sept. 13, 2021). Under the current regulations, an ALJ must consider all medical opinions and evaluate each opinion's persuasiveness based on five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor that "tend[s] to support or contract a medical opinion." 20 C.F.R. § 404.1520c(a)-(c). As "the most important factors [an ALJ] must consider when [the ALJ] evaluate[s] the persuasiveness of medical opinions . . . are supportability . . . and consistency," the ALJ must discuss those two factors in their decision. 20 C.F.R. § 416.920c(a); *Aguirre v. Saul*, 2021 WL 4927672, at *7 (S.D.N.Y. Oct. 22, 2021).

Dr. Rembert opined that Ms. Vecchio had extreme limitations. The ALJ concluded that Dr. Rembert's opinion was unpersuasive because it was not supported by or consistent with the totality of the medical evidence. Contrary to Plaintiff's contention, the ALJ's decision adequately

4

explained that conclusion. Supportability looks at "[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation." Pl.'s Obj. at 3; 20 C.F.R. § 404.1520c(c)(1). In the decision, the ALJ examined all relevant medical opinions, including the treatment records from Carmel Psych Associates, where Dr. Rembert worked. (R. 69). The ALJ found that the records showed unremarkable objective clinical findings and mental status examinations. (R. 69 (citing R. 328, 341, 348)). The ALJ adequately explained that Dr. Rembert's opinion was not supported by the objective medical evidence in the records and treatment notes. (R. 69).

The ALJ likewise adequately discussed consistency. In evaluating consistency, the ALJ must look at "the extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim." § 404.1520c(c)(2). In determining that Dr. Rembert's opinion was not consistent with other evidence, the ALJ considered records of Plaintiff's medical treatment, her GAF score, her subjective complaints, and evidence from nonmedical sources, including Plaintiff's own statements about her regular daily activities. (R. 68-72). As Magistrate Judge Cave correctly concluded, the ALJ adequately explained that Dr. Rembert's opinion about Plaintiff's limitations was not consistent with the totality of that evidence. *See Aguierre*, 2021 WL 4927672, at *7.

The Court has carefully reviewed Plaintiff's objection and has concluded that all of her arguments lack merit.

## **CONCLUSION**

The Court, having reviewed the thorough and well-reasoned report of Magistrate Judge Cave, and having conducted *de novo* review of the portions to which the Plaintiff objects, agrees with Magistrate Judge Cave's recommendation. Accordingly, IT IS HEREBY ORDERED that the Court ADOPTS the Report in its entirety, Plaintiff's motion judgment on the pleadings is

DENIED, and the Commissioner's motion judgment on the pleadings is GRANTED.  The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

**Date:   March 24, 2022**
**         New York, NY**

                                                     _____
                                                     **MARY KAY VYSKOCIL**
                                                     **United States District Judge**